Ludeling, C. J.
This is a proceeding by mandamus, to compel certain officers of the corporation of Shreveport to perform a ministerial duty, to wit: The collection of contributions subscribed to a railroad company. Quite .a number of questions have been discussed orally and by briefs, which, however, we do not consider involved in this case. The only question pertinent in this suit is, whether or not the acts asked to be done are ministerial duties of said officers ?
The answer to their question will be found in the following narrative. On the tenth of March, 1874, the railroad company proposed to the City Council to have a vote of the people taken for or against subscription to the stock of the company, to the amount of $300,000. On the same day the following ordinance was adopted by the council: “A petition from Great Western Railroad Company, asking for vote of the people for or against a subscription of $300,000. Stock was, on motion, referred to the Mayor, with authority to order an election.”
It is manifest the only action by the Council in this matter was to refer it to the Mayor. The Council did nothing more than to attempt to delegate its authority in the matter to the Mayor. This it could not do. The law declares that “It shall be lawful for the police juries and municipal corporations of this State to subscribe to the stock of corporations undertaking works of internal improvements, under the laws of the State, on complying with the provisions hereinafter set forth. All ordinances passed for such subscriptions shall contain the following provisions, to wit: a statement of the number and amount of shares proposed to be subscribed; second, the levy of a tax on the landed estate, situated in the parish or municipal corporation, sufficient to pay the amount of the subscription, and specifying the rate of taxation, and the time when it shall be payable.” R. S. sec. 711 and 712.
*624 These are the conditions upon which the municipal corporations are permitted to subscribe for stock of railway companies.
In this case no ordidance whatever was passed, but on motion the proposition of the railroad company was referred to the Mayor." His acts in the matter were unauthorized and illegal, and could not impose any duty or obligation' on the officers of the municipal corporation.
It is therefore ordered that the judgment of the lower court be annulled, and that the demand of the relator be rejected, with costs in both courts.
Rehearing refused.